Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:   (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff
Get Weird, LLC d/b/a Anti
Social Social Club*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GET WEIRD, LLC D/B/A ANTI SOCIAL SOCIAL CLUB,<br><br>*Plaintiff*<br><br>v.<br><br>A6GSQ STORE, ALL-IN-ONE STORE, FANHE MEN STORE, HANGZHOU YANYANG TRADING CO., LTD., NC ISA INDUSTRY AND TRADE COMPANY, SHENZHEN SHENGMING YUANYING TRADING CO., LTD., SHOP1102304027 STORE, SHOP1102824195 STORE, SHOP1102960245 STORE, SHOP1103038330 STORE, SHOP1103340260 STORE, SHOP1103598381 STORE, SHOP1103632182 STORE, SHOP1103675587 STORE, SHOP1103683544 STORE, SHOP1103688099 STORE, SHOP1103692140 STORE, SHOP1103709334 STORE, SHOP1103742488 STORE, SHOP1103745696 STORE, SHOP1103751269 STORE, SHOP1103769123 STORE, SHOP1103808120 | **CIVIL ACTION NO.**<br>**24-cv-7533 (JGK)**<br><br>[PROPOSED] JGK<br>**PRELIMINARY INJUNCTION ORDER** |

STORE, SHOP1103844744 STORE, SHOP1103863554 STORE, SHOP1103937213 STORE, SHOP1104001581 STORE, SHOP1104069683 STORE and ZHANGJIAGANG SKY VOICE TRADE CO., LTD.,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Anti Social** | Get Weird, LLC d/b/a Anti Social Social Club |
| **Defendants** | FANHE Men Store, Hangzhou Yanyang Trading Co., Ltd., Nc Isa Industry And Trade Company, Shenzhen Shengming Yuanying Trading Co., Ltd., Shop1102304027 Store, Shop1102824195 Store, Shop1102960245 Store, Shop1103038330 Store, Shop1103340260 Store, Shop1103598381 Store, Shop1103632182 Store, Shop1103675587 Store, Shop1103683544 Store, Shop1103688099 Store, Shop1103692140 Store, Shop1103709334 Store, Shop1103742488 Store, Shop1103745696 Store, Shop1103751269 Store, Shop1103769123 Store, Shop1103808120 Store, Shop1103844744 Store, Shop1103863554 Store, Shop1103937213 Store, Shop1104001581 Store, Shop1104069683 Store and Zhangjiagang Sky Voice Trade Co., Ltd. |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |

i

| | |
|---|---|
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Greenberg Dec.** | Declaration of Heather Greenberg in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Anti Social Products** | A high-end lifestyle streetwear line of men's and women's apparel, as well as accessories, bags and other ready-made goods which are distributed through various channels of trade in the United States and abroad |
| **Anti Social Marks** | U.S. Trademark Registration Nos.: 6,287,453 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 10; 5,731,775 for "GET WEIRD" for a variety of goods in Class 35; 6,889,820 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 9; 6,335,396 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 25; 6,441,368 for "ASSC" for a variety of goods in Class 25; 6,329,129 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 18; 6,449,103 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 35; 5,524,971 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 16; 5,046,740 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 25; 6,555,525 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 35; 6,335,487 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 18; 5,840,507 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 25; 6,348,457 for " |

|  | "[ANTI SOCIAL SOCIAL CLUB logo]" for a variety of goods in Class 25; and 6,889,830 for " [ANTI SOCIAL SOCIAL CLUB stylized] " for a variety of goods in Class 9 |
|---|---|
| **Counterfeit Products** | Products bearing or used in connection with the Anti Social Marks, and/or products in packaging and/or containing labels bearing the Anti Social Marks, and/or bearing or used in connection with marks that are confusingly similar to the Anti Social Marks and/or products that are identical or confusingly similar to the Anti Social Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |

| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on October 4, 2024 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on October 4, 2024, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendants to appear on October 18, 2024 at 2:30 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on October 14, 2024, Plaintiff filed a letter requesting to modify and extend the TRO, and on October 15, 2024, the Court entered an Order granting Plaintiff's request which, *inter alia*, adjourned the Show Cause Hearing to October 30, 2024 at 3:00 p.m. ("October 15, 2024 Order");

WHEREAS, on October 18, 2024, Plaintiff filed a letter requesting for an extension of time to serve Defendants with the October 15, 2024 Order, and on October 21, 2024, the Court granted Plaintiff's request ("October 21, 2024 Order");

WHEREAS, on October 24, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application, the October 15, 2024 Order and the October 21, 2024 Order on each and every Defendant, except Defendants A6gsq Store and All-in-One Store;

WHEREAS, on October 30, 2024 at 3:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

For all of the reasons explained in the findings of fact and conclusions of law outlined in Paragraphs 1-18 of the TRO, the Court enters the following Preliminary Injunction Order:

1

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Anti Social Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Anti Social Marks;

   ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts in violation of this Order;

   iii. directly or indirectly infringing in any manner Plaintiff's Anti Social Marks;

   iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Anti Social Marks to identify any goods or services not authorized by Plaintiff;

   v. using Plaintiff's Anti Social Marks or any other marks that are confusingly similar to the Anti Social Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

   vi. using any false designation of origin or false description, or engaging in any

action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

ix. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through

3

1(a)(viii) above and 1(b)(i) and 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts in violation of this Order; and

  ii. instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) through 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in

place through the pendency of this litigation, including that:

    a) within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this. Order.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

    b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. account numbers;

   ii. current account balances;

   iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

   vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or

control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

    ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

    iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Anti Social Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Anti Social Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made

on, and shall be deemed effective as to Defendants if it is completed by the following means:

  a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)** of the TRO;

  b) delivery of this Order together with the Summons and Complaint via Yunda Express to the following Defendants: FANHE Men Store, Hangzhou Yanyang Trading Co., Ltd., Shenzhen Shengming Yuanying Trading Co., Ltd., Shop1102304027 Store, Shop1102824195 Store, Shop1102960245 Store, Shop1103038330 Store, Shop1103340260 Store, Shop1103598381 Store, Shop1103709334 Store, Shop1103751269 Store, Shop1103769123 Store, Shop1103808120 Store, Shop1103863554 Store, Shop1103937213 Store, Shop1104069683 Store and Zhangjiagang Sky Voice Trade Co., Ltd.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

  a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com; and

f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Defendants or any one of them, or by any persons in active concert or participation with Defendants who have actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

8. The $50,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 30 day of October, 2024, at 4:37 p.m.
New York, New York

HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE