Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Get Weird, LLC d/b/a*
*Anti Social Social Club*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GET WEIRD, LLC d/b/a ANTI SOCIAL SOCIAL CLUB,<br><br>*Plaintiff*<br><br>v.<br><br>A6GSQ STORE, ALL-IN-ONE STORE, FANHE MEN STORE, HANGZHOU YANYANG TRADING CO., LTD., NC ISA INDUSTRY AND TRADE COMPANY, SHENZHEN SHENGMING YUANYING TRADING CO., LTD., SHOP1102304027 STORE, SHOP1102824195 STORE, SHOP1102960245 STORE, SHOP1103038330 STORE, SHOP1103340260 STORE, SHOP1103598381 STORE, SHOP1103632182 STORE, SHOP1103675587 STORE, SHOP1103683544 STORE, SHOP1103688099 STORE, SHOP1103692140 STORE, SHOP1103709334 STORE, SHOP1103742488 STORE, SHOP1103745696 STORE, SHOP1103751269 STORE, SHOP1103769123 STORE, SHOP1103808120 | **CIVIL ACTION NO.**<br>**24-cv-7533 (JGK)**<br><br>[PROPOSED]<br>**FINAL DEFAULT JUDGMENT**<br>**AND PERMANENT**<br>**INJUNCTION ORDER** |

STORE, SHOP1103844744 STORE, SHOP1103863554 STORE, SHOP1103937213 STORE, SHOP1104001581 STORE, SHOP1104069683 STORE and ZHANGJIAGANG SKY VOICE TRADE CO., LTD.,

*Defendants*

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or ASSC** | Get Weird, LLC d/b/a Anti Social Social Club | N/A |
| **Defendants** | FANHE Men Store, Hangzhou Yanyang Trading Co., Ltd., Nc Isa Industry And Trade Company, Shenzhen Shengming Yuanying Trading Co., Ltd., Shop1102304027 Store, Shop1102824195 Store, Shop1102960245 Store, Shop1103038330 Store, Shop1103340260 Store, Shop1103598381 Store, Shop1103632182 Store, Shop1103675587 Store, Shop1103683544 Store, Shop1103688099 Store, Shop1103692140 Store, Shop1103709334 Store, Shop1103742488 Store, Shop1103745696 Store, Shop1103751269 Store, Shop1103769123 Store, Shop1103808120 Store, Shop1103844744 Store, Shop1103863554 Store, Shop1103937213 Store, Shop1104001581 Store, Shop1104069683 Store and Zhangjiagang Sky Voice Trade Co., Ltd. | N/A |
| **Defaulting Defendants** | Hangzhou Yanyang Trading Co., Ltd., Nc Isa Industry And Trade Company, Shenzhen Shengming Yuanying Trading Co., Ltd., Shop1103340260 Store, Shop1103632182 Store, Shop1103675587 Store, Shop1103683544 Store, Shop1103688099 Store, Shop1103692140 Store, Shop1103742488 Store, Shop1103745696 Store, Shop1103751269 Store, Shop1103769123 Store, Shop1103808120 Store, Shop1103844744 Store, Shop1103937213 Store, Shop1104001581 Store, Shop1104069683 Store, Zhangjiagang Sky Voice Trade Co., Ltd. | N/A |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer | N/A |

i

Case 1:24-cv-07533-JGK-GWG   Document 32   Filed 01/17/25   Page 4 of 12

| | | |
|---|---|---|
| | for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | |
| **Sealing Order** | Order to Seal File entered on October 4, 2024 | 1 |
| **Complaint** | Plaintiff's Complaint filed on October 4, 2024 | 8 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 4, 2024 | 12-14 |
| **Greenberg Dec.** | Declaration of Heather Greenberg in Support of Plaintiff's Application | N/A |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 14 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on October 4, 2024 | 15 |
| **PI Show Cause Hearing** | October 30, 2024 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | October 30, 2024 Preliminary Injunction Order | 19 |
| **ASSC Products** | A high-end lifestyle streetwear line of men's and women's apparel, as well as accessories, bags and other ready-made goods which are distributed through various channels of trade in the United States and abroad | N/A |
| **ASSC Marks** | U.S. Trademark Registration Nos.: 6,287,453 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 10; 5,731,775 for "GET WEIRD" for a variety of goods in Class 35; 6,889,820 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 9; 6,335,396 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 25; 6,441,368 for "ASSC" for a variety of goods in Class 25; 6,329,129 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 18; 6,449,103 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in | N/A |

| | | |
|---|---|---|
| | Class 35; 5,524,971 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 16; 5,046,740 for "ANTI SOCIAL SOCIAL CLUB" for a variety of goods in Class 25; 6,555,525 for " ANTI SOCIAL SOCIAL CLUB " for a variety of goods in Class 35; 6,335,487 for " ANTI SOCIAL SOCIAL CLUB " for a variety of goods in Class 18; 5,840,507 for " ANTI SOCIAL SOCIAL CLUB " for a variety of goods in Class 25; 6,348,457 for " [ANTI SOCIAL SOCIAL CLUB logo] " for a variety of goods in Class 25; and 6,889,830 for " ANTI SOCIAL SOCIAL CLUB " for a variety of goods in Class 9 | |
| **Counterfeit Products** | Products bearing or used in connection with the ASSC Marks, and/or products in packaging and/or containing labels bearing the ASSC Marks, and/or bearing or used in connection with marks that are confusingly similar to the ASSC Marks and/or products that are identical or confusingly similar to the ASSC Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

| | | |
|---|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on January 17, 2025 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defendants' unauthorized use of Plaintiff's ASSC Marks without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defendant, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Seventy Five Thousand Dollars ($75,000.00) in statutory

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

damages against each of the nineteen (19) Defaulting Defendants ("Defaulting Defendants' Individual Damages Award") pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the ASSC Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the ASSC Marks;

   B. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

   C. directly or indirectly infringing in any manner Plaintiff's ASSC Marks;

   D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's ASSC Marks to identify any goods or services not authorized by Plaintiff;

   E. using Plaintiff's ASSC Marks, or any other marks that are confusingly similar to the ASSC Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

2

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

    ii. Defaulting Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert and participation with any of them; and

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks or other rights including, without limitation, the ASSC Marks, or bear any marks that are confusingly similar to the ASSC Marks pursuant to 15 U.S.C. § 1118;

3) ~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:~~

   A. ~~that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from.~~

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. operation of Defaulting Defendants' User Accounts and Defaulting Defendants Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

   B. instructing, aiding, or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A)

4

above through III(1)(H) above, including, without limitation, by providing services necessary for Defaulting Defendants to continue operating Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order.

## IV.  Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

2) IT IS FURTHER ORDERED, that one (1) week after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of its intention not to proceed with a request for an asset turnover so the case may be closed. *JGK*

## V.  Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order; *JGK*

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property; *JGK*

3) The Court releases the Fifty Thousand U.S. Dollar ($50,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 6 day of October, 2025, at 4:56 p.m.

HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

6